[No. 1870.  Decided February 7, 1896.]

*In the Matter of the Assignment of* FRANK HENSE, *Insolvent:* SNELL, HEITSCHU & WOODARD Co., *Appellant,* v. MILLER MURDOCH, *Assignee, Respondent.*

INSOLVENCY—PETITION FOR APPOINTMENT OF ASSIGNEE—INTEREST OF PETITIONER—TRIAL OF ISSUE.

Where an assignment for the benefit of creditors has been made and the assignee has failed to comply with the law, a petition to the court by one alleging himself to be a creditor, asking the appointment of an assignee to administer the insolvent's estate, cannot be dismissed upon the mere affidavit of the insolvent that such petitioner is not a creditor.

Appeal from Superior Court, Lewis County.—Hon. W. W. LANGHORNE, Judge.  Reversed.

*C. B. Reynolds,* and *B. H. Rhodes,* for appellant.

*G. T. Swasey,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—The assignor, Frank Hense, made a general assignment of his property to one Miller Murdoch for the benefit of all of his creditors, and placed him in possession thereof.  After more than thirty days had elapsed since the conveyance of the property to said assignee, the assignee having filed no bond or inventory or valuation as required by § 2754, Gen. Stat., the appellants, Snell, Heitschu & Woodard Company, petitioned the court for the appointment of an assignee to take charge of said estate in order that the same might be administered for the benefit of the creditors of said assignor, and in said petition represented that they were creditors and had a claim against said estate.  A citation was issued to the re-

spondent requiring him to appear and show cause why the prayer of said petition should not be granted. The respondent appeared and moved to dismiss the petition, and in support thereof filed an affidavit of said Frank Hense alleging that the petitioners were not creditors and that he was not indebted to them, whereupon the court dismissed the petition, and this appeal was prosecuted therefrom.

It is contended by the respondent that the court had no jurisdiction in the premises on the ground that the petitioners were not creditors of said Frank Hense, and that the court had a right to find this from the showing made. But we are unable to agree with this contention, for whatever may have been the rights of respondent to have had the matter of the claim of the petitioners against said assignor judicially determined preliminary to, and as a basis for, authorizing them to petition the court to appoint an assignee, it is evident, it seems to us, that the court could not try the same in this arbitrary manner. The petition represented that the petitioners were creditors, the affidavit of Frank Hense denied it. We think this affidavit was entitled to no consideration. In making the assignment said assignor represented that he was indebted beyond his ability to pay. The person named by him as assignee having failed to comply with the law, it was for the interests of all parties that another person should be appointed to administer the estate. It matters not upon whose application such proceeding should be had, except the law provides that it may be made by any person interested. A creditor of course is an interested party, and we think that upon the presentation of the petition showing the fact of the assignment and the failure of the person named as assignee to comply with the law, and

that the party presenting the petition was a creditor, it was the duty of the court to entertain the petition and to proceed to a hearing. Although it may be the court would have the power to determine the question in advance, as to the petitioner's being an interested party, it could not be tried in an arbitrary way upon affidavits, but should be regularly tried, if at all, upon issues formed as though an action had been brought upon the claim.

Reversed and remanded.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.